BEFORE THE FIRST DIVISION, DECEMBER 14, 1942

No. 47798.—Protest 961900–G of Ti Hang Lung & Co. (San Francisco).

Opinion by COLE, J. The uncontradicted testimony showed that the medicinal preparations herein are similar to those the subject of *Wing Duck Co.* v. *United States* (6 Cust. Ct. 133, C. D. 446). In conformity therewith it was held they are not subject to internal revenue tax, and that the merchandise invoiced as "kwai yuen ki kook" and "mou kun" is still wine containing 21 and 22.7 percent alcohol by volume, respectively. In accordance therewith the former was held dutiable at 20 cents per wine gallon and the "mou kun" at 40 cents per wine gallon.

No. 47799.—Protest 965610–G of Ti Hang Lung & Co. (San Francisco).

Opinion by COLE, J. From the uncontradicted testimony it was established that no revenue tax is applicable to the medicinal preparation in question, as claimed. The merchandise invoiced as "Ch. Sydly wine," referred to by the witness as "sut lee tsau," was found to be a still wine containing 21 percent alcohol by volume. In accordance therewith it was held that it is subject to an internal revenue tax of only 20 cents per wine gallon. Protest sustained.

No. 47800.—Protest 980810–G of Shun On & Co. (San Francisco).

Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise in question is a medicinal compound containing not over 20 percent of alcohol by weight and that it is similar to that the subject of *Wing Duck Co.* v. *United States* (6 Cust. Ct. 133, C. D. 446), it was held dutiable at 20 cents per pound and 25 percent ad valorem under paragraph 24, Tariff Act of 1930, without the imposition of any internal revenue tax, as claimed.